UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

       Plaintiff,

v.                                                   Case No. 10-11501
                                                      Honorable Victoria A. Roberts

EVELYN LEVINO,

       Defendant.

_____/

**ORDER DENYING MOTION TO AMEND**

**I. Introduction**

This matter is before the Court on *pro se* Plaintiff's "Motion to Amending [sic] a Pleading and Add a Protection Order Complaint of Violation of a Constitutional First Amendment § 1983," filed December 27, 2010. (Doc. 27).  The Court construes this as a motion to amend his Complaint to add new causes of action and new defendants.

Plaintiff's motion is **DENIED.**

**II. Law & Analysis**

Amendments to pleadings are governed by the Federal Rules of Civil Procedure. Rule 15(a) addresses amendments to pleadings before trial.  "Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.,* 2009 WL 3154241 (6th Cir. 2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir. 2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

1

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Although the "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir. 2001).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005).  To survive a motion to dismiss, a Complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)

Here, a responsive pleading has been filed by the Defendant.  On July 15, 2010, Defendant filed her Answer to the Complaint.  Therefore, Plaintiff is not entitled to an absolute right to amend under Rule 15(a)(1), and the Court must consider whether to allow Plaintiff to amend under Rule 15(a)(2).

Although the Court construes this *pro se* motion liberally, it would be futile for the Plaintiff to amend his Complaint to add the causes of action and defendants detailed in his motion to amend.  Plaintiff wishes to amend his Complaint to add allegations that a maintenance worker in the apartment building in which he lives broke into his apartment and stole his property, sexually harassed and stalked him, and violated his rights under

the Americans with Disabilities Act and the First and Fourteenth Amendments. Plaintiff has already filed these claims as a separate complaint in another case, *Lee v. River Oaks Apartment,* No. 10-15131 (E.D. Mich. filed Dec. 27, 2010).  The Court *sua sponte* dismissed the complaint in that case as frivolous and for failing to state a claim, finding that the factual allegations were clearly baseless and delusional.  The claims and factual allegations in this amendment mirror that of the previously dismissed complaint. These claims would not survive a motion to dismiss because the factual allegations do not state any claim for relief which is plausible.  Accordingly, the Court refuses Plaintiff's request to amend his Complaint because the amendment would be futile, and the motion was filed in bad faith.

### III. Conclusion

Plaintiff's motion to amend is **DENIED.**

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 7, 2011

The undersigned certifies that a copy of this document was served on the attorneys and Robert Lee of record by electronic means or U.S. Mail on January 7, 2011.

s/Linda Vertriest
Deputy Clerk