UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

    Plaintiff,                                    Case No: 10-11501

                                         Hon. Victoria A. Roberts
                                         Mag. Judge Laurie J. Michelson
v.

EVELYN LEVINO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS (Dkt. 23)

### RECOMMENDATION

This matter is before the Court on Defendant Evelyn Levino's Amended Motion to Dismiss. (Dkt. 23.) Plaintiff Robert Lee filed an opposition brief. (Dkt. 29.)[1] This case was referred to the Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 31.) The Court finds that the decision process would not be significantly aided by oral argument and, therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), the Motion will be resolved on the pleadings submitted. For the following reasons, the Court RECOMMENDS that Defendant's Amended Motion to Dismiss be GRANTED.

---

[1] Plaintiff's Response is titled "Motion to Stay: and Object to the Defendant's Motion of Affirmative Defense and Motion to Dismiss." (Dkt. 29.) There is no discernable request for a stay and, instead, the pleading appears to respond to the Defendant's Answer and Affirmative Defenses and this Motion to Dismiss. The Federal Rules of Civil Procedure state that a reply to an answer is allowed only when ordered by the court. Fed. R. Civ. P. 7(a). The Court has not ordered such a reply in this case and does not find that one is needed. Thus, the Court will treat Plaintiff's pleading as his Response to Defendant's Motion to Dismiss and not as a separate substantive motion. The Response, however, does not comply with Local Rules 5.1 and 7.1 as ordered by the District Court. (Dkt. 24.)

**REPORT**

### I. Background

On April 14, 2010, *pro se* Plaintiff Robert E. Lee ("Plaintiff" or "Lee"), a former student of Franklin University who was enrolled in its on-line educational program, filed a complaint against Defendant Evelyn Levino ("Defendant" or "Levino"), Franklin University's Vice-President of Students, entitled "A 1983 § Complaint of My 14th, 1st, 5th, ADA Amended Third Party Pleading" (the "Complaint"). (Dkt 1.)

This is not the first lawsuit filed by Lee involving an academic institution he has attended. Previously, on July 7, 2009, Plaintiff filed a lawsuit against Henry Ford Community College ("HFCC") alleging that HFCC violated his constitutional and civil rights when it barred him from its premises during final examinations. *Lee v. Henry Ford Community College et al.*, Case No. 09-12640 (E.D. Mich. 2009). Another Judge in this District found that Plaintiff's complaint failed to state a claim upon which relief could be granted because Plaintiff failed to identify the causes of action under which he was proceeding or state specific facts giving rise to a cognizable cause of action. (Dkt. 8, Ex. 8.) Plaintiff filed two Motions for Reconsideration of this decision. Both Motions were denied because they also failed to "identify a cognizable cause of action." (*Id.*) Plaintiff then filed this lawsuit against Ms. Levino of Franklin University. Plaintiff's Complaint, however, is virtually identical to his prior Motions for Reconsideration which were denied for failing to identify a cognizable cause of action.

The essence of Plaintiff's claim appears to be that Ms. Levino defamed him in letters she sent to him in August, September, and October 2009, and that this precluded him from continuing his

education at Franklin. (Dkt. 1, Compl. at 1, 3-4, Ex. D).[2] Plaintiff is seeking approximately $15,000-$50,000 in damages, representing the student loan debt he has incurred. *Id.*

**II.  Analysis**

   **A.  Standard Of Review**

Defendant brings this Motion under 28 U.S.C. § 1915(e)(2)(B)(ii) which permits the court to dismiss an *in forma pauperis* litigant's complaint, *sua sponte*, if it fails to state a claim for which relief may be granted. This is akin to a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) – which also provides for dismissal of a complaint if it fails "to state a claim upon which relief can be granted." When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, in applying this rule to pro se plaintiffs, the allegations of the complaint are held "to less stringent standards than formal pleadings drafted by

---

[2] In her August 31st letter, Levino: (i) asked Lee to forward documents evincing his expulsion from HFCC, which Lee himself brought to Franklin University's attention; (ii) advised him that Franklin University did not offer housing or counseling services; and (iii) directed him to forward his questions or concerns to a specific person, Ms. Stephanie Nesler. (Dkt. 1, Ex. D.) In her September 2nd letter, Levino: (i) confirmed receipt of Lee's voicemail in which he indicated that he did not have documents concerning his HFCC expulsion; (ii) advised him to sign and return the enclosed release authorizing HFCC to forward records directly to Franklin University; and (iii) reminded Lee that his enrollment status would be determined after she had reviewed HFCC's records. *Id.* In her October 1st letter, Levino advised Lee that he could complete all courses in which he was currently enrolled, but that based on her review of HFCC's records and Lee's contact with Franklin University personnel other than Nesler, his ability to enroll in future courses would be contingent upon his undergoing a psychiatric evaluation. *Id.*

lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  That being said, pro se plaintiffs still must allege a set of facts that would establish a claim for relief.  *Twombly*, 550 U.S. at 556.  Indeed, a plaintiff must plead facts that allow the court to infer that the defendant is liable for the misconduct alleged.  *Fabian v. Fulmer Helmets, Inc*. 628 F.3d 278, 280 (6th Cir. 2010).

### B.     Plaintiff Has Failed To State A Claim Under Section 1983

As was the case with Plaintiff's prior lawsuit against HFCC, it is difficult to discern the legal claims from his allegations.  Indeed, the District Court in *HFCC* found that Plaintiff's Motions for Reconsideration—which contained the same allegations as in this Complaint—failed to "identify a cognizable cause of action." *See supra* at p. 2.

The title of Plaintiff's Complaint references 42 U.S.C. § 1983.  "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Plaintiff's Complaint, however, fails to allege that Ms. Levino is a state actor or acted under color of state law.  To the contrary, Plaintiff's Complaint identifies Ms. Levino as the "Vice President for Students . . . of Franklin University.  201 South Grant Avenue, Columbus, Ohio . . . . www.franklin.edu."  (Dkt. 1 at 1).  This website – referenced in the Complaint – identifies Franklin as "a private . . . institution."  Franklin University Website, http://www.franklin.edu/about-franklin/ (last visited May 10, 2011).

Additionally, Plaintiff has failed to adequately plead a constitutional violation.  He apparently referenced the First (and Fourteenth) Amendments in his Complaint not because he is alleging that *his* First Amendment rights have been violated, but because he is alleging defamation

4

by Defendant. Accordingly, this Court finds that Plaintiff has failed to allege a viable cause of action under 42 U.S.C. § 1983, and recommends that, to the extent Plaintiff is seeking to allege such a claim, it be dismissed.

### C.    Plaintiff's Claim For Defamation Should Be Dismissed

Defendant contends that this is a defamation case involving letters she sent to Plaintiff, with a carbon copy to the person she designated to be Plaintiff's point of contact at Franklin University. The basis of Defendant's Motion to Dismiss, therefore, is that Plaintiff has failed to state a claim for defamation.

*1. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Defamation Claim*

Defamation is a state law claim. *See Forth v. Kroger Co.*, No. 09-cv-13458, 2010 U.S. Dist. LEXIS 106089, at *8-9 (E.D. Mich., Oct. 5, 2010). A federal district court has original "diversity" jurisdiction if the action involves citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). Construing the allegations in the light most favorable to the Plaintiff, they support that Plaintiff is a citizen of Michigan and Defendant is a citizen of Ohio. The Complaint further indicates, however, that Plaintiff's damages are between $15,000 and $50,000 – below the jurisdictional minimum. (Dkt. 1 at 3, 4 ("Ms. Levino is responsible for the setback I have experienced. $15,000 (Exhibit D, 10/01/2009") and ("My federal student loan is about the $50,000 or more I owe a Federal Student Financial Aid loans . . . . Defendant singled me out and put me out of college to pay a debt of over $50,000.").)[3] As a result, this Court finds that another basis for dismissing the Complaint is lack of subject matter

---

[3] Plaintiff cites to Exhibit B of his Complaint to support these amounts, but nothing in that document suggests his loans exceed $75,000.

jurisdiction.[4]

### 2. *Plaintiff Has Not Adequately Pled A Defamation Claim*

Even if the Court were to construe the allegations to satisfy the jurisdictional threshold, Plaintiff has still failed to allege a cause of action for defamation. To maintain a claim for defamation under Michigan law, a plaintiff must plead and prove four elements: (1) a false and defamatory statement concerning the plaintiff,[5] (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication. *Smith v. Anonymous Joint Enterprise*, 487 Mich. 102, 113; 793 N.W.2d 533 (Mich. 2010). "These elements must be specifically pleaded, including the allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the alleged defamatory words." *Stencel v. Augat Wiring Sys.*, 173 F. Supp. 2d 669, 680 (E.D. Mich. 2001) (quoting *Gonyea v. Motor Parts Federal Credit Union*, 192 Mich. App. 74, 77; 480 N.W.2d 297 (1991)). Federal district courts "also adopt this standard of specificity." *Forth*, 2010 U.S. Dist. LEXIS 106089, at *8-9. Plaintiff's Complaint fails to identify the specific statements in the letters

---

[4] If the Complaint is construed as alleging both a section 1983 claim and a state-law defamation claim, then it is within the Court's discretion to retain jurisdiction over the defamation claim where, as here, the federal claim is subject to dismissal. *See Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction."). Should the Court decide to retain jurisdiction over Plaintiff's state-law claim, dismissal is nonetheless recommended because Plaintiff has failed to adequately plead defamation. *See infra*.

[5] A communication is defamatory "if, considering all the circumstances, it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Ireland v. Edwards*, 230 Mich. App. 607, 638-639; 584 N.W.2d 632 (1998).

that are allegedly defamatory, let alone how or why any such statements are false or caused harm – especially where the letters were sent to only one person other than Plaintiff.

It should also be pointed out that, after Defendant filed her Motion to Dismiss, Plaintiff sought to amend the Complaint. That Motion was denied because the claims and factual allegations in the proposed amendment mirrored those of another complaint Plaintiff had previously filed and which was dismissed for failure to state a claim. (Dkt. 28.) The Court believes that any further attempt by Plaintiff to amend the Complaint to state a defamation claim would also be futile. S*ee*, e.g., *McBryer v. Baker College,* 2008 U.S. Dist. LEXIS 52426, *2-3 (E.D. Mich., July 9, 2008). Indeed, Plaintiff's Opposition fails to address his pleading deficiencies or how they could be amended to state a claim for defamation. Moreover, as Defendant argues, the challenged letters merely confirm her University's services, summarize her plans to address Lee's continuing enrollment, and set forth the requirements Lee must satisfy to enroll in future classes. By their very nature, Ms. Levino's letters do not make false or defamatory statements about Plaintiff.

### III.     Conclusion

As was the case with his prior lawsuit against HFCC, Plaintiff's Complaint fails to state specific facts giving rise to a cognizable cause of action. For the reasons set forth above, the Court RECOMMENDS that Defendant's Amended Motion to Dismiss be GRANTED and Plaintiff's Complaint be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.     Filing Objections**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES MAGISTRATE JUDGE

Dated: May 12, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 12, 2011.

                                          s/J. Johnson
                                          Deputy Clerk