UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

        Plaintiff,

v.                                                                    Case No. 10-11501
                                                                      Honorable Victoria A. Roberts

EVELYN LEVINO,

        Defendant.

_____/

## ORDER

This matter is before the Court on Defendant Evelyn Levino's Amended Motion to

Dismiss Pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 23).  The Court construes this as a

Motion to Dismiss for failure to state a claim, pursuant to Federal Rule of Civil

Procedure 12(b)(6).

The Court referred this Motion to Magistrate Judge Laurie J. Michelson.  On May

12, 2011, Magistrate Michelson issued a report and recommendation (R&R),

recommending that the Court grant Defendant's motion. (Doc. 32).  Plaintiff objects to

the R&R. (Doc. 33, 34, 35).

On a dispositive motion, this Court reviews *de novo* those portions of a

magistrate judge's R&R to which a party files specific objections.  *U.S. Fidelity and*

*Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992).  However, these

objections must be "specific written objections." Fed. R. Civ. P. 72(b)(2).  "[A] general

objection to a magistrate's report, which fails to specify the issues of contention, does

not satisfy the requirement that an objection be filed. The objections must be clear

1

enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)

The Court recognizes that filings by *pro se* litigants, like Plaintiff Lee, are to be construed liberally and are not to be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even construed liberally, Plaintiff fails to make any specific objections addressing the legal or factual findings in the R&R.

The Court reviewed three of Plaintiff's filings which appear to object to the R&R. (Doc. 33, 34, 35).  Despite the Court's best efforts to make sense of these documents, Plaintiff's filings do not make any specific objections to the R&R; instead, they either do not address the R&R at all, or only generally object to the dismissal of his claims. Arguably, Plaintiff specifically objects to the Magistrate's finding that, to the extent Plaintiff attempts to invoke diversity jurisdiction, he failed to allege facts showing he meets the amount in controversy.  But, because the Court does not rely on this portion of the R&R, this objection is to no avail.

The Court reviewed Magistrate Michelson's R&R.  The Court agrees that Plaintiff fails to state a § 1983 claim and fails to state a claim for defamation under Michigan state law; therefore, the Court **ADOPTS** this portion of the R&R.

However, the Court **DECLINES TO ADOPT** the portion of the R&R finding the Court lacks subject matter jurisdiction.

Defendant's Motion is **GRANTED.**

This decision disposes of all outstanding motions; accordingly, judgment will

2

issue in favor of Defendant.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 14, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Robert Lee by electronic means or U.S. Mail on June 14, 2011.<br><br>s/Linda Vertriest<br>Deputy Clerk |